UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GRACE L. SANDOVAL, | CASE NO. 09cv2313-MMA (RBB) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** |
| | [Doc. No. 2] |
| | **DENYING REQUEST FOR APPOINTMENT OF COUNSEL;** |
| IMPERIAL COUNTY, | [Doc. No. 3] |
| Defendant. | **DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint alleging RICO and personal injury claims against Defendant Imperial County. Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP"). (Doc. No. 2.) All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Based on the information provided by Plaintiff in support of her IFP motion,

1  the Court **GRANTS** Plaintiff's motion, but solely for the purpose of the motions currently before the
2  Court.

3        The Court is obligated to review a complaint filed IFP and must dismiss it if it determines
4  that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks
5  monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*
6  *also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).  "[W]hen determining whether a complaint
7  states a claim, a court must accept as true all allegations of material fact and must construe those
8  facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.
9  2000).

10       Plaintiff is attempting to bring a civil action under the Racketeer Influenced and Corrupt
11 Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d), and also indicates personal
12 injury as a cause of action on the Civil Cover Sheet attached to her complaint.  (See *Complaint*, Doc.
13 No. 1, Civil Cover Sheet.)  Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or
14 property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate
15 United States district court . . . ."  The complaint is not sufficient to state a claim under the civil
16 RICO statute, nor does it allege an intelligible personal injury cause of action.  In a stream-of-
17 consciousness complaint devoid of any headings or discernible paragraphs, Plaintiff offers an
18 incomprehensible account of alleged criminal activity.

19       "A civil RICO claim requires allegations of the conduct of an enterprise  through a pattern of
20 racketeering activity that proximately caused injury to the plaintiff."  *Swartz v. KPMG LLP*, 476
21 F.3d 756, 760-61 (9th Cir. 2007).  Specifically, the "elements of a civil RICO claim are as follows:
22 (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate
23 acts) (5) causing injury to plaintiff's business or property."  *Living Designs, Inc. v. E.I. Dupont de*
24 *Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  To establish liability, "one must allege and
25 prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply
26 the same 'person' referred to by a different name."  *Id.*  The allegations in the complaint do not
27 provide a basis for an inference that the alleged criminal activity was a part of an enterprise or that
28 the named defendant was engaged in such an enterprise.  Accordingly, Plaintiff fails to state a claim

1   for civil RICO violations against Defendant Farmers Insurance.

2         Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff is granted thirty (30)
3   days leave from the date this order is "Filed" in which to file a first amended complaint.  Plaintiff's
4   amended complaint must be complete in itself without reference to the superseded pleading.  *See*
5   S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the amended
6   complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
7   1987).  Further, if Plaintiff's amended complaint fails to state a claim upon which relief may be
8   granted, it may be dismissed without further leave to amend.  Plaintiff's motion for appointment of
9   counsel [Doc. No. 3] is **DENIED** without prejudice to refiling it together with the amended
10  complaint.

11        **IT IS SO ORDERED**.

12  DATED:  October 19, 2009

                              Hon. Michael M. Anello
                              United States District Judge